[Cite as *Crumley v. McCloud*, 2020-Ohio-2737.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Crystal Crumley, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-213 |
| v. | : | (C.P.C. No. 16CV-7771) |
| [Stephanie B. McCloud], Administrator, Bureau of Workers' Compensation, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee, | : | |
| | : | |
| Zulily, | : | |
| | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 30, 2020

**On brief:** *Ross, Brittain & Schonberg Co., L.P.A., Meredith L. Ullman*, and *Michael J. Reidy*, for appellant. **Argued:** *Meredith L. Ullman.*

**On brief:** *Castrodale Law* and *Gloria P. Castrodale*, for appellee. **Argued:** *Gloria P. Castrodale.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant Zulily, L.L.C., appeals the judgment of the Franklin County Common Pleas Court denying its motion for new trial based on alleged irregularities in the jury selection process. We overrule Zulily's sole assignment of error and affirm the judgment of the trial court.

{¶ 2} This case is a workers' compensation appeal. Plaintiff Crystal Crumley suffered a workplace injury on November 12, 2014, and the Industrial Commission allowed her claim for five separate conditions. Zulily filed this administrative appeal to the Franklin

No. 19AP-213

County Court of Common Pleas, and the case proceeded to a jury trial on June 25, 2018. The court denied Crumley's right to participate in the worker's compensation fund for three of the five conditions at the close of the plaintiff's case by directed verdict, and jury found in favor of Crumley's right to participate in the fund for the remaining two conditions.

{¶ 3} On August 30, 2018, Zulily filed a Motion for New Trial, arguing in part the trial court had conducted voir dire in an irregular fashion, and as a result it was unfairly denied the use of one of its three peremptory challenges. The trial court denied the motion on March 14, 2019, and this timely appeal followed. Zulily now asserts a single assignment of error for our review:

> The trial court erred in its handling of voir dire, creating an unfair advantage for Appellee due to an irregularity in the voir dire process and abused its discretion in failing to grant a new trial.

{¶ 4} Civ.R. 59(A)(1) states "[a] new trial may be granted to all or any of the parties . . . [upon i]rregularity in the proceedings of the court, jury, * * * or any order of the court * * * by which an aggrieved party was prevented from having a fair trial." In this context, an irregularity " 'a departure from the due, orderly and established mode of proceeding therein, where a party, with no fault on his part, has been deprived of some right or benefit otherwise available to him.' " *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 63, quoting *Meyer v. Srivastava*, 141 Ohio App.3d 662, 667 (2001). This court reviews a trial court's judgment on a motion for new trial based on Civ.R. 59(A)(1) for an abuse of discretion. *Reeves v. Healy*, 192 Ohio App.3d 769, 2011-Ohio-1487, ¶ 18, quoting *Ellinger* at ¶ 63 and citing *Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, ¶ 39. "An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Koerper v. Szabo*, 10th Dist. No. 18AP-734, 2019-Ohio-3159, ¶ 7, *citing Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 5} Zulily's essential complaint both in its new trial motion and to this court is because of the trial court's "irregular" voir dire procedure, it was precluded "from choosing from the same amount of potential jurors whom to peremptorily challenge. Plaintiff was able to choose amongst twelve potential jurors, while Defendant "only [was permitted to choose from] eleven."

No. 19AP-213

{¶ 6} Zulily asserts the trial court abused its discretion when it conducted voir dire as follows—eight prospective jurors were placed in the jury box, who were then questioned by both parties. Each party were then able to make objections for cause, although neither did. Each was then permitted to exercise a peremptory challenge—Crumley used her first peremptory to excuse Prospective Juror No. 6 and Zulily used its first peremptory to excuse Prospective Juror No. 8. The court excused both challenged jurors, and replaced them with prospective Juror Nos. 9 and 10. After some additional questioning, both parties again passed for cause. Crumley used her second peremptory challenge to excuse Juror No. 3, and Zulily used its second peremptory challenge to excuse Juror No. 4. Both were excused, and prospective Juror Nos. 11 and 12 were then added to the jury box. Both parties again passed for cause. The court then warned the plaintiff Crumley "you're on your third and final" (Ex. 5 Excerpt of Proceedings at 57-58):

> MS. CASTRODALE: Your Honor, plaintiff would like to excuse [Prospective Juror No. 11]. Thank you for your service.
>
> THE COURT: Thank you.
>
> And defense's third and final.
>
> MS. ULLMAN: Your Honor, I'm going to pass right now.
>
> THE COURT: You know that's it, right? Once you -- it's use or lose.
>
> MR. RIEDY: Your Honor, we have a replacement for [Prospective Juror No. 11] coming up?
>
> THE COURT: Yes. But you're passing right now?
>
> MR. RIEDY: Yes.

*Id.* at 58. Prospective Juror No. 13 was added to the jury box, and after some brief questioning, Zulily attempted to use a peremptory challenge to excuse that juror:

> MS. ULLMAN: Your Honor, I would ask that Juror No. 13 be excused and thank him for his service.
>
> THE COURT: Is that for cause?
>
> MS. ULLMAN: No, not for cause.

No. 19AP-213

> THE COURT: You've used all your preempts. It's use or lose. Once you pass, that's using a preemptory challenge.
>
> MS. ULLMAN: Okay.
>
> MR. REIDY: I'm sorry. Your Honor, with regard to the preempts, we used two of our preempts and we had a new juror that was seated. We don't have the right to challenge him?
>
> THE COURT: You get three preemptories [sic], use or lose.
>
> MR. REIDY: Okay. We used two and we've got one left.
>
> THE COURT: You used it when you passed on the panel.
>
> MR. REIDY: Okay. All right. Your Honor, thank you.
>
> THE COURT: We have a panel.

*Id.* at 62-63.

The court then requested that counsel approach the bench and held the following discussion:

> MR. REIDY: We had used two of our preemptory [sic] challenges, and at that point we were content --
>
> THE COURT: I understand, but that is law.
>
> The only thing I will tell you is if you agree to let them use one more, I don't care.
>
> MS. CASTRODALE: No.
>
> THE COURT: Okay. That's it.
>
> MR. REIDY: Can I just put this on?
>
> THE COURT: Sure.
>
> MR. REIDY: So what you're saying is if we had exercised our third preemptory [sic] on another juror, there was no way we could have challenged [Prospective Juror No. 13]?
>
> THE COURT: No way.
>
> MR. REIDY: Okay. For the record, we were saving our third preemptory [sic] for [Prospective Juror No. 13].

*Id.* at 63-64.

No. 19AP-213

{¶ 7}    Jury selection for trial is governed by Civ.R. 47, and peremptory challenges are governed by Civ.R. 47(C), which states:

> In addition to challenges for cause provided by law, each party peremptorily may challenge three prospective jurors. If the interests of multiple litigants are essentially the same, "each party" shall mean "each side."
>
> Peremptory challenges shall be exercised alternately, with the first challenge exercised by the plaintiff. The failure of a party to exercise a peremptory challenge constitutes a waiver of that challenge, but does not constitute a waiver of any subsequent challenge. However, if all parties or sides, alternately and in sequence, fail to exercise a peremptory challenge, the joint failure constitutes a waiver of all peremptory challenges.
>
> A prospective juror peremptorily challenged by either party shall be excused.
>
> Nothing in this rule shall limit the court's discretion to allow challenges to be made outside the hearing of prospective jurors.

Zulily observes here the trial court was using a variation on the "strike-and-replace" method of voir dire, a common method of jury selection authorized under the rule. But Zulily contends under the "strike-and-replace" method, strikes and replacements must occur individually and the trial court abused its discretion by ordering the seating of replacement jurors occur in pairs. And because Zulily tried to strike one of those jurors, and because that juror voted for the jury's verdict in favor of Crumley's right to participate in the worker's compensation fund, Zulily contends the trial court's method is an "irregularity in the proceedings" by which it was "prevented from having a fair trial." Civ.R. 59(A)(1).

{¶ 8}    Crumley's response is twofold. First, she notes Zulily did not object to the procedure employed by the court until after the entire panel was seated, after Zulily had fully participated in jury selection, and Zulily had waived its final peremptory after the court had specifically warned Zulily's counsel "[y]ou know that's it, right? Once you – it's use or lose." (Ex. 5 Excerpt of Proceedings at 58.)  Accordingly, Crumley argues Zulily acquiesced to the trial court's selection process and therefore has forfeited all but plain error. Second, she argues the parties were treated equally and there was no irregularity in the proceedings, because both parties were given a full opportunity to question 12 panel members and both were given the opportunity to exercise 3 peremptory challenges. Crumley argues Zulily has

not identified any rule or caselaw requiring replacement jurors to be seated individually rather than in pairs.

{¶ 9} In general, trial judges have wide discretion to design and direct voir dire procedures in their courts. "An adequate voir dire is key to determining a juror's ability to follow the law. However, a trial judge is master of his courtroom . . . . [t]he proper scope and manner of voir dire is within the trial court's discretion and varies with the circumstances of each case." *State v. Adams*, 7th Dist. No. 08 MA 246, 2011-Ohio-5361, ¶ 156 (citing cases), *aff'd in part and vacated in part on other grounds at* 144 Ohio St.3d 429, 2015-Ohio-3954. *See also Dedmon v. Mack*, 6th Dist. No. L-05-1108, 2006-Ohio-2113, ¶ 23. It is true prior to the July 2006 and July 2009 amendments of Civ.R. 47 the rule did contain some language that "appeared to require judges to empanel a prospective jury and examine each one individually, a process referred to as the 'strike and replace' method." Civ.R. 47, 7-1-09 Amendment Staff Note. But the current version of the rule no longer contains that language, and even former versions of the rule did not contain any specific requirement that "strik[ing] and replace[ment]" of jurors must occur individually as opposed to in groups. *See* former Civ.R. 47(C).

{¶ 10} Under the current rule trial courts have even wider discretion to establish voir dire procedures. The rule establishes some specific parameters for peremptory challenges— three challenges per party, exercised alternately, plaintiff goes first, and challenges are waived if not used. But the trial court's method seems to have been well within those parameters, and Zulily has not identified any cases that would indicate otherwise. In fact, our colleagues in the Second District once faced and rejected the same argument Zulily presents here. In *Hileman v. Kramer*, 2d Dist. Montgomery No. 15066 (Dec. 29, 1995), the plaintiffs argued the court had erred in holding they had waived their opportunity to use their third peremptory challenge:

> After passing the jury panel for cause, the Hilemans and Grandview exercised their peremptory challenges. After both parties had exercised two of their three peremptory challenges, the Hilemans "passed the panel," that is, they declined to exercise a peremptory challenge. Grandview then exercised its third peremptory challenge, and the vacancy left on the panel was filled with another juror. The trial court announced that the parties had selected a jury and the eight jurors were sworn. After the jury was sworn, the Hilemans objected to the jury,

No. 19AP-213

> stating that they were not given the opportunity to exercise their third peremptory challenge.
>
> The Hilemans contend that their passing of the panel did not constitute a waiver of their third peremptory challenge and that they should have been permitted to peremptorily challenge the juror who was placed on the panel as a result of Grandview's third peremptory challenge.
>
> Based upon the clear language of [former Civ.R. 47(B)], and its accompanying staff notes, we agree with the trial court that the Hilemans waived their third peremptory challenge when they passed the panel on their turn to exercise their third peremptory challenge.

*Id.* We believe the situation resolved by the *Hileman* court is on all fours with this case. In fact, this situation may be even more clear, because—as Crumley points out—Zulily fully participated in the trial court's voir dire procedure up to the point it was deemed to have passed on its final available peremptory challenge, and was warned of that possibility in advance of passing.

{¶ 11} Frequently, one of the parties is dissatisfied with the jury that is ultimately chosen. But there is no indication the trial court's procedure was an attempt to hamstring either of the parties—given the trial court's broad discretion to control voir dire and jury selection and its broad discretion to determine whether fairness required a new trial, we simply cannot say the trial court erred in this case. Because the trial court's denial of Zulily's motion does not amount an abuse of discretion, its sole assignment of error is overruled, and the judgment of the trial court denying Zulily's motion for new trial is affirmed.

*Judgment affirmed.*

KLATT, J., concurs.
BROWN, J., concurs separately.

BROWN, J., concurring separately.

{¶ 12} Civ.R. 47 states peremptory challenges shall be exercised alternately so it would follow that jurors should also be seated alternately rather than waiting for one round of challenges by all parties to be completed before seating replacements. Seating all replacements at one time after each round may create uncertainty in the important jury selection process. Each party must be given an equal opportunity to seat what they believe

No. 19AP-213

is a fair jury. When two or more new jurors who have most likely not yet been questioned are put on the jury at the same time, this creates a greater possibility of unfair jurors serving on the jury.

However, I concur there was no prejudice to plaintiff in this case.

_____